IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:25-CR-00436 |
| v. | (Chief Judge Brann)[*] |
| CESAR HUMBERTO PINA, | |
| Defendant. | |

# ORDER

**FEBRUARY 25, 2026**

The parties in the matter agree that the stay of my prior decision in this matter is no longer necessary.[1] That stay is hereby **LIFTED**. The parties also agree that the stay of trial and pretrial motions in this matter should remain in place pending the resolution of Defendant's newly filed motion seeking disqualification of the current leadership structure of the Office of the United States Attorney for the District of New Jersey and the authority of these individuals to supervise their prosecution. This case remains under my jurisdiction pursuant to the Honorable Michael A. Chagares's December 18, 2025 Order designating me to hold a District Court in the District of New Jersey.[2]

---

[*] The Honorable Matthew W. Brann, Chief United States District Judge for the Middle District of Pennsylvania, sitting by designation.
[1] Doc. 77.
[2] Designation Order, *United States v. Naviwala*, No. 2:24-CR-0099 (D.N.J. Dec. 18, 2025), Doc. 270.

I have reviewed the pending motion in this case,[3] and I find that it is duplicative of the issues raised in *United States v. Naviwala*[4] and *United States v. Torres*.[5] I intend to resolve the authority issue in that consolidated litigation. Accordingly, **IT IS HEREBY ORDERED** that:

1. The stay of trial and pretrial motions in this matter remains in place;

2. No further briefing should be submitted in relation to the instant motion except to raise a new issue that may justify lifting the stay;

3. The filing of this motion tolls the time in which trial must commence pursuant to 18 U.S.C. § 3161(h)(1)(D);

4. Within fourteen (14) days of my decision in *Naviwala*, the parties shall submit a joint status report indicating whether this matter raises any issues regarding the authority of the current leadership structure of the Office of the United States Attorney for the District of New Jersey that were not resolved in that decision. The status report should not discuss questions of remedy that should follow from a determination that that leadership structure is invalid.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge for the
Middle District of Pennsylvania
Specially Presiding

---

[3] Docs. 75, 76.
[4] Motion to Dismiss and Disqualify, *Naviwala*, No. 2:24-CR-0099 (D.N.J. Dec. 16, 2025), Doc. 269.
[5] Motion to Dismiss and Disqualify, *United States v. Torres*, No. 2:24-CR-0378 (D.N.J. Dec. 12, 2025), Doc. 91.