**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| | : | |
| UNITED STATES OF AMERICA | : | |
| | : | No. 2:25-CR-00436-MWB |
| v. | : | |
| | : | |
| CESAR HUMBERTO PINA, | : | |
| | : | |
| Defendant. | : | |

**JOINT STATUS REPORT**

On March 24, 2026, this Court entered an Order (ECF 81) requesting an updated joint status report addressing whether, in light of Robert Frazer's appointment under Section 546(d) as the United States Attorney for the District of New Jersey,[1] any issues in this matter remain unresolved regarding the authority of the current leadership structure of the U.S. Attorney's Office for the District of New Jersey. *See* ECF 78. Pursuant to that Order, the Parties state as follows:

In light of the superseding indictment filed in *United States v. Torres*, No. 2:24-CR-0378 (D.N.J.), ECF 128, on March 27, 2026, which was signed by an Assistant U.S. Attorney and the court-appointed U.S. Attorney for the District of New Jersey, any challenge by Torres to his first indictment over the authority and remedy issue is "likely moot." *Id.*, ECF 127 (Order).

Accordingly, Defendant Pina submits that given the absence of a lawfully appointed U.S. Attorney at the time the Indictment was returned in his case, and the government's representation to Mr. Pina's counsel on March 30, 2026 that the government intends to seek, in short order, a

---

[1] *In re Appointment of United States Attorney for the District of New Jersey*, Order No. 2026-03 (D.N.J. Mar. 23, 2026) (citing 28 U.S.C. § 546(d)).

1

superseding indictment in his case, its doing so would effectively moot any authority/remedial challenge he has to the current Indictment.

Should a grand jury return a superseding indictment in this case, signed by the court-appointed U.S. Attorney for this District, Mr. Pina's counsel no longer intends to pursue the authority/remedial challenge (e.g., dismissal) in this case.  Should the government elect not to seek a superseding indictment in this case, Mr. Pina respectfully reserves the right to address with the Court the authority/remedial issue as applied to him.

Apart from that, this matter does not raise any additional issues regarding the authority of the leadership structure of the U.S. Attorney's Office at this time.

Dated: April 1, 2026

**KROVATIN NAU LLC**

/s/ *Gerald Krovatin*
Gerald Krovatin, Esq.
60 Park Place, Suite 1100
Newark, New Jersey 07102
gkrovatin@krovatin.com

**LOWELL & ASSOCIATES, PLLC**

/s/ *Abbe David Lowell*
Abbe David Lowell, Esq
David A. Kolansky, Esq.
Isabella M. Oishi, Esq.
John P. Bolen, Esq.
1250 H Street, NW, Suite 250
Washington, DC 20005
ALowellPublicOutreach@lowellandassociates.com

*Counsel for Caesar Pina*

Respectfully Submitted,

**UNITED STATES ATTORNEY'S OFFICE**

/s/ *Edeli Rivera*
Edeli Rivera
Assistant United States Attorney
970 Broad Street
Newark, New Jersey 07102
edeli.rivera@usdoj.gov

2